UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DWIGHT WHITE                                              CIVIL ACTION

v.                                                        NO. 19-9310

DYNAMIC INDUSTRIES, INC., ET AL.                          SECTION "F"

ORDER AND REASONS

Before the Court is PHI's motion for summary judgment dismissing Dwight White's claims. For the reasons that follow, the motion is DENIED.

**Background**

Scaffolding struck a rigger working aboard an offshore platform. The rigger says that downdraft from a helicopter landing on the platform's helideck caused the scaffolding to dislodge and strike him. Claiming grave injuries, he sued the scaffolding installer and the helicopter owner. At issue is whether the rigger needs an expert to prove the helicopter owner's liability for the pilot's alleged negligence. He does not.

1

The material facts are few. Dwight White was working as a rigger for Fluid Crane & Construction aboard an offshore platform owned by Fieldwood Energy and located in block 281 of the South Marsh Island area. Block 281 lies off the coast of central Louisiana, on the outer Continental Shelf.

One morning, a helicopter owned by PHI and piloted by Adam Ferris landed on the platform's helideck. Downdraft from the helicopter caused scaffolding installed by Dynamic Industries to dislodge and strike White. White sued PHI and Dynamic Industries for negligence, invoking federal jurisdiction under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1349(b)(1).

White's theories of liability are straightforward. He says that Dynamic Industries negligently failed to secure and assemble the scaffolding that struck him. He says that PHI is directly liable for negligently training its helicopter pilot and vicariously liable for the pilot's careless operation of the helicopter. According to White, PHI's pilot "approach[ed] too close" to the scaffolding, causing the scaffolding to break free and fall on him.

Expert discovery has closed, and White has not hired an expert to testify to the standard of care that applies to helicopter pilots. But White deposed PHI's helicopter pilot, Adam Ferris, who testified to the "high/low recon" procedure he follows when landing

2

offshore. Ferris said the presence of an obstruction near the helipad would raise a "red flag." He also agreed that if he saw any "obstructions or any scaffoldings or barricades that [he] thought posed a hazard," he would radio someone on the platform or land somewhere else.

Now, PHI moves for summary judgment on the ground that White failed to retain an expert helicopter pilot.

I.

Summary judgment is proper if the record discloses no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit." Id. at 248.

If the non-movant will bear the burden of proof at trial, the movant "may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." In re La. Crawfish Producers, 852 F.3d 456, 462 (5th Cir. 2017) (citation omitted).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See Anderson, 477 U.S. at

3

248. Nor do "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation[.]" Brown v. City of Houston, Tex., 337 F.3d 539, 541 (5th Cir. 2003). Ultimately, to avoid summary judgment, the non-movant "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 387 (5th Cir. 2007).

In deciding whether a fact issue exists, the Court views the facts and draws all reasonable inferences in the light most favorable to the non-movant. See Midwest Feeders, Inc. v. Bank of Franklin, 886 F.3d 507, 513 (5th Cir. 2018). And the Court "resolve[s] factual controversies in favor of the nonmoving party," but "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013) (citation omitted).

II.

Absent from the papers is any discussion of the law that governs this OCSLA case. The omission is a startling one, considering the Supreme Court's recent pronouncements on the subject. See Parker Drilling Mgmt. Servs., Ltd. v. Newton, 139 S. Ct. 1881 (2019).

4

The OCSLA "gives the Federal Government complete 'jurisdiction, control, and power of disposition' over the [outer Continental Shelf], while giving the States no 'interest or jurisdiction' over it." Parker Drilling, 139 S. Ct. at 1888-89 (quoting 43 U.S.C. §§ 1332(1), 1333(a)(3)).

Under the OCSLA, federal law applies to the outer Continental Shelf "to the same extent as if the outer Continental Shelf were an area of exclusive Federal jurisdiction located within a State." 43 U.S.C. § 1333(a)(1). So, "the only law on the [outer Continental Shelf] is federal law, and state laws are adopted as federal law only 'to the extent that they are applicable and not inconsistent with' federal law." Parker Drilling, 139 S. Ct. at 1889 (quoting 43 U.S.C. § 1333(a)(2)(A)) (internal brackets omitted). State law is "applicable and not inconsistent with" federal law "only if federal law does not address the relevant issue." Parker Drilling, 139 S. Ct. at 1889.

Here, the parties seem to assume that Louisiana law applies because "federal law does not address the relevant issue." Parker Drilling, 139 S. Ct. at 1889. That may prove correct. Because the parties failed to brief the issue, however, the Court declines to resolve it. And given the parties' failures in this regard, the Court assumes, for purposes of this motion only, that Louisiana law governs the question whether White needs an expert to prove

5

PHI's negligence. Moving forward, any motion raising an issue of substantive law should contain a discussion of the governing law under OCLSA; any motion without one will be denied.

III.

PHI moves for summary judgment dismissing White's negligence claims. PHI contends that White needs an expert helicopter pilot to prove its duty, and because White failed to hire one, he cannot prove negligence. The Court disagrees.

As a general rule, a plaintiff needs expert testimony to prove a professional's duty. See, e.g., Schultz v. Guoth, 2010-0343 (La. 1/19/11); 57 So. 3d 1002, 1009 (physicians); Brennan's Inc. v. Colbert, 2015-0325 (La. App. 4 Cir. 4/13/16); 191 So. 3d 1101, 1123 (attorneys); City of Alexandria v. Ratcliffe Const. Co., 2011-1200 (La. App. 3 Cir. 2/8/12); 95 So. 3d 1075, 1079 (design professionals).

That general rule covers aircraft pilots, too. See Allen v. PHI, Inc., 2015-461 (La. App. 3 Cir. 12/9/15); 181 So. 3d 890, 899-900 (affirming directed verdict awarded to helicopter owner where plaintiff failed to present expert testimony to prove the duty owed by helicopter pilot); Schwamb v. Delta Air Lines, 516 So. 2d 452, 459 (La. App. 1 Cir. 1987) (noting that "airplane safety and operational negligence" are "sufficiently beyond the understanding of the average juror" to warrant expert testimony).

6

Like most general rules, however, this one is subject to exceptions. For example, an expert is not needed when "the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony." Penn v. CarePoint Partners of La., L.L.C., 2014-1621 (La. App. 1 Cir. 7/30/15); 181 So. 3d 26, 30. Nor is an expert needed when the professional's testimony suffices to show duty and breach. See, e.g., Pfiffher v. Correa, 94-0924 (La. 10/17/94); 643 So. 2d 1228, 1234. An expert is equally unnecessary when the professional's alleged negligence is his violation of standards of his industry or his employer. Id. at 1234.

Here, the exceptions govern. No expert is needed because the testimony of PHI's pilot, Adam Ferris, can establish the relevant standard of care. Ferris testified to PHI's policies, as well as the "high/low recon" procedure he follows when landing helicopters on offshore platforms. He testified that the presence of an obstruction near the helipad would raise a "red flag." And he agreed that if he saw any "obstructions or any scaffoldings or barricades that [he] thought posed a hazard," he would radio someone on the platform or land somewhere else. At the time of the landing, a "barricade was clamped to handrails" about ten feet from the helideck. A jury could find that Ferris violated PHI's policies or performed an inadequate "high/low recon" when he landed

7

the helicopter despite the presence of this "barricade." So, no expert helicopter pilot is needed.

### III.

White does not need expert testimony to prove PHI's negligence because the testimony of PHI's helicopter pilot can establish the standard of care, and the testimony of the pilot and others can establish breach. Accordingly, IT IS ORDERED: that PHI's motion for summary judgment is DENIED.

New Orleans, Louisiana, July 15, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE