UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWIGHT WHITE,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-9310** |
| **DYNAMIC INDUSTRIES, INC.,**<br>    Defendant | **SECTION: "E" (1)** |

### ORDER AND REASONS

Before the Court is a Motion *in Limine*, filed by Dwight White ("Plaintiff") to exclude "any and all evidence of the results of a drug and alcohol screen[,] which was performed on May 10, 2018" by Lafayette General Hospital.[1] Dynamic Industries, Inc. ("Dynamic") opposes.[2] Plaintiff filed a reply in support.[3] For the foregoing reasons, the motion *in limine* is **GRANTED**.

### BACKGROUND

This case stems from Plaintiff's work as a rigger for Fluid Crane & Construction aboard an offshore platform owned by Fieldwood Energy, located in block 281 of the South Marsh Island area.[4] On August 15, 2018, a helicopter owned by PHI and piloted by Adam Ferris landed on the platform's helideck.[5] Downdraft from the helicopter caused scaffolding installed by Dynamic Industries to dislodge and strike Plaintiff.[6] Plaintiff sued Dynamic Industries, Inc., PHI, GIR Solutions, LLC, and Fieldwood Energy, LLC, for negligence, invoking federal jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA").[7]

---

[1] R. Doc. 121-1 at p. 1.
[2] R. Doc. 123. Additional Defendants in this case, PHI, Inc., GIR Solutions, LLC, and Fieldwood Energy, LLC, filed no opposition.
[3] R. Doc. 126.
[4] R. Doc. 58 at p. 2. Block 281 lies off the coast of central Louisiana, on the outer Continental Shelf. *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.* (citing 43 U.S.C. § 1349(b)(1)).

1

Plaintiff's theories of liability are straightforward. Plaintiff alleges Dynamic Industries negligently failed to secure and assemble the scaffolding that struck him.[8] Plaintiff alleges PHI is directly liable for negligently training its helicopter pilot and vicariously liable for the pilot's careless operation of the helicopter.[9] According to Plaintiff, PHI's pilot "approach[ed] too close" to the scaffolding, causing the scaffolding to break free and fall on him.[10] Fieldwood Energy (platform owner) and GIR Solutions (Fieldwood's contractor) allegedly failed to properly supervise and provide overall safety for the operations on the platform.[11]

## LAW AND ANALYSIS

Relevant to the instant motion, Plaintiff seeks damages for future lost wages and impairment of future earning capacity.[12] Plaintiff's motion *in limine* seeks to exclude evidence of a May 10, 2018 drug and alcohol screening that returned a positive result for alcohol and cocaine use.[13] Following an unrelated motor vehicle accident, Plaintiff completed the screening at Lafayette General Hospital.[14] Plaintiff argues this evidence is irrelevant to the litigation and, in the alternative, that the unfair prejudice of admitting the evidence outweighs its probative value.[15] Dynamic opposes the motion, arguing the evidence bears on Plaintiff's credibility generally and is relevant to Plaintiff's damages claim for future lost wages and impairment of future earning capacity.[16]

As a general matter, courts have held a plaintiff's past history of alcohol or drug use may be relevant to a damages claim for future lost wages and impairment of future

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] R. Doc. 85 at p. 2; *see also* R. Doc. 71 at p. 2.
[12] R. Doc. 1 at p. 3.
[13] R. Doc. 121 at p. 1.
[14] R. Doc. 121-1 at p. 1.
[15] *Id.*
[16] R. Doc. 123 at p. 1.

2

earning capacity in some cases.[17] For example, in *McIntyre v. Bud's Boat Rental, L.L.C.*, a deck hand aboard a vessel fell on the job when the vessel was involved in a collision.[18] The deck hand sued the vessel owner, seeking damages for, among other things, future lost wages.[19] Before trial, the defendant filed a motion *in limine* to admit evidence of the plaintiff's drug and alcohol abuse as relevant to Plaintiff's work life expectance and wage earning capacity.[20] Judge Vance, relying on decisions of the U.S. Court of Appeals for the Eighth Circuit and U.S. Court of Appeals for the Eleventh Circuit, found that the evidence may be relevant to the plaintiff's claims because it potentially bore on his future earning capacity.[21] Be that as it may, the court in *McIntyre* also recognized potentially "[r]elevant evidence may be excluded, however, if its probative value is substantially outweighed by the danger of unfair prejudice" under Rule 403.[22]

*Revak v. Interforest Terminal UMEA AB* is instructive in terms of ascertaining the specific probative value of the May 10, 2018 drug and alcohol screening—and balancing probative value against unfair prejudice for Rule 403 purposes.[23] In *Revak*, an injured longshoreman filed a motion *in limine* to exclude evidence of his past alcohol consumption even though the longshoreman's "history of alcohol use [wa]s relevant to [his claim for] future loss of earnings."[24] The U.S. District Court for the Eastern District of Pennsylvania excluded the evidence under Rule 403 because the party who sought to introduce the evidence into the record "offer[ed] no evidence that [the longshoreman's]

---

[17] *See McIntyre v. Bud's Boat Rental, L.L.C.*, No. Civ. A. 02-1623, 2003 WL 22174236, at *4 (E.D. La. 9/9/2003) (Vance, J.); *Butler v. French*, 83 F.3d 942, 945 (8th Cir. 1996); *Haney v. Mizell Memorial Hospital*, 744 F.2d 1467, 1475 (11th Cir. 1984).
[18] *McIntyre*, 2003 WL 22174236, at *1.
[19] *Id.*
[20] *Id.*
[21] *Id.* at *4. Ultimately, Judge Vance found the prejudicial effect outweighed the evidence's minor probative value and excluded the evidence. *Id.*
[22] *Id.*
[23] 2009 WL 2929259 (E.D. Pa. 9/8/2009).
[24] *Id.* at *1.

alcohol consumption . . . had any effect on his health" or "ability to earn a living."[25] In the absence of such evidence, "any reference to alcohol consumption . . . create[d] a high risk of prejudice to [the longshoreman] with minimal corresponding probative value."[26]

Applying the reasoning of *Revak* to the case at bar, Dynamic has presented no evidence demonstrating Plaintiff's life expectancy or employability are, have been, or will be in the future affected by his alleged drug or alcohol use as reflected in the May 10, 2018 drug and alcohol screening.[27] While Dynamic states in opposition that its vocational rehabilitation expert will testify at trial regarding the impact of alcohol dependence on employability as a general matter, a review of the expert's report reveals she did not provide an opinion concerning alcohol dependence and its effect on employability.[28] To the extent Dynamic's vocational rehabilitation expert now seeks to provide an opinion not expressed in her expert report, she will not be allowed to do so at trial.[29] As a result, consistent with *Revak*, there is very little probative value in the May 10, 2018 drug and alcohol screening.

Conversely, the unduly prejudicial effect of admitting the May 10, 2018 drug and alcohol screening is clear given the context of this case. There is no evidence Plaintiff's use of drugs and alcohol on May 10, 2018, played a role in the accident that occurred on August 15, 2018.[30] No one argues Plaintiff's drug and/or alcohol use played a role in the accident. In fact, Plaintiff took a drug test the day after the August 15, 2018 accident,

---

[25] *Id.* at *3.
[26] *Id.*
[27] In opposition, Dynamic concludes the drug and alcohol screening "certainly effects his employability." R. Doc. 123 at p. 3. The *ipse dixit* of defense counsel is not evidence. Moreover, while Dynamic points to other evidence of alcohol use by Plaintiff, that evidence does not in and of itself connect alcohol use with Plaintiff's employability or life expectancy.
[28] R. Doc. 123-6.
[29] Opinions not included in a required report may not be offered. *See, e.g., Davis v. Signal Int'l, LLC*, 2015 WL 65278, at *3 (E.D. La. 1/5/2016) (Morgan, J.) (excluding an opinion "because it was not included in [the expert's] report" as required by Rule 26).
[30] R. Doc. 121-1 at p. 1.

which returned a negative result.[31] Thus, the admission of the May 10, 2018 screening has great potential to unfairly prejudice Plaintiff, all the while having very little probative value. Applying Rule 403's balancing standard, the Court exercises its discretion[32] to exclude evidence of the May 10, 2018 drug and alcohol screening completed by Lafayette General Hospital.

Finally, to the extent Dynamic argues the May 10, 2018 drug and alcohol screening bears on Plaintiff's credibility generally because during his deposition Plaintiff denied having used drugs before,[33] this fact is not admissible at trial to show Plaintiff's general lack of credibility.[34] Rule 608(b), also known as the specific contradiction rule, prohibits a party from introducing extrinsic evidence of prior misconduct solely to impeach the general credibility of a witness.[35] As a result, the May 10, 2018 screening cannot be admitted solely to impeach Plaintiff's credibility as a general matter. Moreover, Rule 403 is an overarching objective of the federal evidentiary rules, meaning even if the 2018 screening was admissible under Rule 608(b), which it is not, the 2018 screening would be inadmissible under Rule 403 for the reasons already stated.

---

[31] R. Doc. 126 at p. 1.
[32] *See, e.g., Huffman v. Turner Industries, Group, LLC*, 2013 WL 2285047, at *1 (E.D. La. 5/22/2013) (Brown, J.).
[33] Dynamic also asserts Plaintiff denied using alcohol in his deposition, though Plaintiff points to a portion of the deposition transcript where Plaintiff admitted to alcohol use. R. Doc. 126 at p. 2. Moreover, from the record before the Court, it is unclear whether Plaintiff was dishonest as to drug use during his deposition on the basis of the question asked by defense counsel—"Had you used any cocaine that day?"—because Plaintiff alleges he was unknowingly "slipped . . . some cocaine" at a party. *Id*. Be that as it may, courts must leave to juries the difficult choice of whether to credit evidence. *See Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1154 (5th Cir. 1981) ("Rather than discounting the probative value of the [evidence] on the basis of its perception of the degree to which the evidence was worthy of belief, the district court should have determined the probative value of the [evidence] if true, and weighed the probative value against the danger of unfair prejudice, leaving to the jury the difficult choice of whether to credit the evidence.").
[34] *See, e.g., Savoia-Mchugh v. Glass*, 2020 WL 12309562, at *3 (N.D. Fla. 11/30/2020).
[35] FED. R. EVID. 608(b).

which returned a negative result.[31] Thus, the admission of the May 10, 2018 screening has great potential to unfairly prejudice Plaintiff, all the while having very little probative value. Applying Rule 403's balancing standard, the Court exercises its discretion[32] to exclude evidence of the May 10, 2018 drug and alcohol screening completed by Lafayette General Hospital.

Finally, to the extent Dynamic argues the May 10, 2018 drug and alcohol screening bears on Plaintiff's credibility generally because during his deposition Plaintiff denied having used drugs before,[33] this fact is not admissible at trial to show Plaintiff's general lack of credibility.[34] Rule 608(b), also known as the specific contradiction rule, prohibits a party from introducing extrinsic evidence of prior misconduct solely to impeach the general credibility of a witness.[35] As a result, the May 10, 2018 screening cannot be admitted solely to impeach Plaintiff's credibility as a general matter. Moreover, Rule 403 is an overarching objective of the federal evidentiary rules, meaning even if the 2018 screening was admissible under Rule 608(b), which it is not, the 2018 screening would be inadmissible under Rule 403 for the reasons already stated.

---

[31] R. Doc. 126 at p. 1.

[32] *See, e.g., Huffman v. Turner Industries, Group, LLC*, 2013 WL 2285047, at *1 (E.D. La. 5/22/2013) (Brown, J.).

[33] Dynamic also asserts Plaintiff denied using alcohol in his deposition, though Plaintiff points to a portion of the deposition transcript where Plaintiff admitted to alcohol use. R. Doc. 126 at p. 2. Moreover, from the record before the Court, it is unclear whether Plaintiff was dishonest as to drug use during his deposition on the basis of the question asked by defense counsel—"Had you used any cocaine that day?"—because Plaintiff alleges he was unknowingly "slipped . . . some cocaine" at a party. *Id*. Be that as it may, courts must leave to juries the difficult choice of whether to credit evidence. *See Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1154 (5th Cir. 1981) ("Rather than discounting the probative value of the [evidence] on the basis of its perception of the degree to which the evidence was worthy of belief, the district court should have determined the probative value of the [evidence] if true, and weighed the probative value against the danger of unfair prejudice, leaving to the jury the difficult choice of whether to credit the evidence.").

[34] *See, e.g., Savoia-Mchugh v. Glass*, 2020 WL 12309562, at *3 (N.D. Fla. 11/30/2020).

[35] FED. R. EVID. 608(b).

## **CONCLUSION**

**IT IS ORDERED** that Plaintiff's Motion *in Limine*[36] is **GRANTED**.

**New Orleans, Louisiana, this 13th day of December, 2022.**

                          **SUSIE MORGAN**
                    **UNITED STATES DISTRICT JUDGE**

---

[36] R. Doc. 121.